People v Thompson (2021 NY Slip Op 06712)





People v Thompson


2021 NY Slip Op 06712


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2019-02994

[*1]The People of the State of New York, respondent,
v
Terry Thompson, appellant. (S.C.I. No. 176/18)


Thomas N. N. Angell, Poughkeepsie, NY (Jennifer Burton of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Anna Katharina Diehn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered March 5, 2019, convicting him of robbery in the second degree, upon his plea of guilty, and sentencing him to a determinate term of imprisonment of 7 years to be followed by a period of 5 years of postrelease supervision.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of 7 years to be followed by a period of 5 years of postrelease supervision, to a determinate term of imprisonment of 3½ years to be followed by a period of 5 years of postrelease supervision; as so modified, the judgment is affirmed.
The defendant has a history of mental illness. On August 7, 2017, while suffering from a bipolar episode, the defendant, armed with a BB gun, robbed a bank of approximately $12,000. The defendant, who had no prior convictions, pleaded guilty to robbery in the second degree. The presentence investigation report noted that the defendant was very remorseful for his actions and the trauma he had caused to the bank employees. The defendant paid full restitution to the bank. The presentence investigation report also noted that the defendant was found to have a low risk of recidivism and that as long as he addressed his mental illness, he was not likely to pose a danger to the community. At the time of sentencing, it was noted that the defendant had immediately sought mental health treatment following this incident and had been following the care of his doctor. At sentencing, the County Court expressed sympathy for the defendant, but rejected the defendant's request for a lesser sentence and imposed a sentence of a determinate term of 7 years imprisonment to be followed by a period of 5 years of postrelease supervision. The defendant appeals.
The sentence imposed was excessive to the extent indicated herein (see CPL 470.15[6][b]; People v Suitte , 90 AD2d 80).
In light of our determination, we do not reach the defendant's remaining contention.
CHAMBERS, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court